# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| JOHN T. WILLIAMS | ) |
| | ) |
| v. | ) Case No. 1:20-CV-00328-TRM-CHS |
| | ) |
| RICHARD SULLIVAN | ) |

## REPORT AND RECOMMENDATION

**I.  Introduction**

Pro se plaintiff, John T. Williams, has filed an application to proceed *in forma pauperis* [Doc. 4] in this action. Courts have the responsibility to screen all cases filed by plaintiffs seeking *in forma pauperis* status and to dismiss any case that is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In addition, "federal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists." *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998). For the reasons stated herein, the Court finds it lacks subject matter jurisdiction and **RECOMMENDS** that this action be **DISMISSED** without prejudice and the application to proceed *in forma pauperis* be **DENIED** as moot.

**II.  Discussion**

    **A.  Plaintiff's Complaint**

The first page of Plaintiff's complaint states:

LOOK. IT'S UNBELIEVABLE AND RACIST THAT THIS FEDERAL JUDGE, (RICHARD SULLIVAN) IS TRYING TO COVER UP THIS CASE AGAINST AN INNCOCENT BLACK MAN; HE'S KILLING WITHOUT USING HIS KNEE. THE EXHIBITS ARE ON PACER. . . PLEASE REPORT THIS JUDGE TO SOMEONE!!!! THE 2255 MOTION IS PENDING.

[Doc. 1, Complaint at 1 (ellipses original)].

Plaintiff further alleges that, in May of 2014, his collection agency in north Georgia was illegally raided by federal agents and, several month later, he was illegally arrested for conspiracy to commit wire fraud. [*Id*. at 2]. Plaintiff states he was then "shipped to N.Y. City, 1300 miles away from his home where he was tried and convicted and imprisoned for five years, for a civil matter and a case without the substantive offense of wire fraud." [*Id*.]. In late 2014, Plaintiff was convicted of conspiracy to commit wire fraud arising out of unlawful debt collection practices in *United States v. Williams*, No. 14-CR-784-2 (RJS) (S.D.N.Y. Dec. 14, 2016) (imposing sentence), *aff'd*, 16-4186-cr (2d Cir. July 9, 2018).[1] In 2020, Plaintiff filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the 2255 Motion) in *Williams v. United States*, No. 20-CV-1554 (RJS) (S.D.N.Y). [Complaint at 3-13]. Judge Richard J. Sullivan was the United States District Judge presiding over the underlying criminal action, Case No. 14-CR-784-2 (RJS). [Complaint at 9]. Judge Sullivan, who is now a United States Circuit Judge for the Second Circuit, is also presiding over Plaintiff's 2255 Motion.[2] [Complaint at 1, 9].

---

[1] *See Williams, Scott & Associates v. United States*, No. 20-CV-3101 (LLS), 2020 WL 3034825, at *2 (S.D.N.Y. June 4, 2020). *Williams, Scott & Associates* was brought by John T. Williams under the Federal Tort Claims Act for alleged wrongs arising out of his investigation, 2014 arrest, and prosecution for conspiracy to commit wire fraud. *Williams, Scott & Associates* provides some helpful background information about the underlying criminal case, No. 14-CR-784-2 (RJS), and states Plaintiff's 2255 Motion is pending. *See Williams, Scott & Associates*, 2020 WL 3034825, at *2, n. 2. This court found that, at the time Plaintiff filed his action in that case, Plaintiff was no longer incarcerated and was living at a private, noninstitutional address. *Id*. Accordingly, the court held that even though Plaintiff was still on supervised release, "he does not qualify as a prisoner for purposes of his IFP application" because he is "not 'incarcerated or detained in any facility. . .'" *Id.* (quoting 28 U.S.C. § 1915(h)). Plaintiff also states in the instant complaint that he "has served 60 months in prison and is now on probation. . . ." [Complaint at 9]. Based on the forgoing, the Court concludes that Plaintiff's current address in Reno, Nevada, is also a private, noninstitutional address and Plaintiff does not qualify as a prisoner for purposes of his IFP application in the instant case.

[2] Rule 201 of the Federal Rules of Evidence permits the court to take notice of an adjudicative fact if, *inter alia*, it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201 (b)(2). According to the website of the United States Court of Appeals for the Second Circuit, Judge Sullivan became a Circuit Court judge in October 2018. *See* https://www.ca2.uscourts.gov/judges/bios/rjs.html (last viewed March 5, 2021).

The remainder of Plaintiff's complaint consists of two briefs which Plaintiff wrote in support of his 2255 Motion. In his briefs, Plaintiff asserts two primary grounds to grant his 2255 Motion. First, Plaintiff asserts that Judge Sullivan is racially biased against black people [*see* e.g., Complaint at 1, 6, 8], and engaged in wrongful activity during the course of the underlying criminal action such as ignoring facially invalid search warrants and other fraudulent documents. [*See* e.g., *id*. at 1, 8, 10]. Second, Plaintiff alleges Judge Sullivan lied about sitting by designation in the 2255 Motion [*id*. at 6], and is wrongfully presiding over his 2255 Motion in order to make sure Plaintiff loses his 2255 Motion because of his racial bias against him. [*Id*. at 9]. Plaintiff specifically alleges Judge Sullivan acted improperly by denying Plaintiff's motion asking Judge Sullivan to recuse himself from the 2255 Motion. [*Id*. at 7-8].[3]

**B.     Analysis**

Federal courts are courts of limited jurisdiction with authority to address matters sanctioned only by federal statute and the Constitution. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests on the party asserting jurisdiction." *Id.* (citations omitted). Consequently, Plaintiff bears the burden to establish this Court has jurisdiction to rule upon the matters he has brought before it in this action.

Plaintiff has not stated the basis for this Court's subject matter jurisdiction in his complaint. Nor does he distinctly specify the relief he is requesting. Clearly, Plaintiff, through the

---

[3] Plaintiff indicates in a notice of change of address filed with this Court on November 19, 2020, that he has filed a judicial complaint with the Second Circuit Court of Appeals, Case No. 02-20-90068-JM. [Doc. 5]. The Court infers from Plaintiff's allegations that Judge Sullivan is or was the subject of the judicial complaint. In fact, Plaintiff has filed numerous civil actions in the United States District Court of the Southern District of New York and in the United States District Court of the Northern District of Georgia arising from his investigation, prosecution, and conviction of conspiracy to commit wire fraud. *See Williams, Scott & Associates v. United States*, No. 20-CV-3101 (LLS), 2020 WL 3034825, at * 3 and n. 6 (S.D.N.Y. June 4, 2020) (cataloguing actions brought by Plaintiff). Some are still pending and the rest have been dismissed. *Id.*

incorporated briefs, asserts that the judge who presided over Plaintiff's initial criminal trial made numerous errors and acted improperly and that this judge continues to do so during Plaintiff's pending 2255 Motion. Plaintiff appears to be asking this Court to review the judge's conduct and decisions in the underlying criminal action and to intervene in the 2255 Motion for the same purpose.

The courts of appeals have jurisdiction of appeals from all final decisions of the district courts of the United States. 28 U.S.C. § 1291.[4] The courts of appeals also have jurisdiction of appeals from interlocutory orders of the district courts of the United States. 28 U.S.C. § 1292(a)(1).[5] Appeals from reviewable decisions of the district courts shall be taken from a district court to the court of appeals for the circuit embracing that district. 28 U.S.C. § 1294.[6] The United States District Court for the Southern District of New York lies within the jurisdiction of the Second Circuit Court of Appeals.[7] Further, 28 U.S.C. § 2255 provides that a prisoner seeking relief from his sentence under Section 2255, "may move *the court which imposed the sentence* to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (emphasis added). Appeals from that court's ruling on the 2255 Motion are taken to the court of appeals. 28 U.S.C. § 2255(d).

The Court is unaware of any statutory or constitutional provision permitting a court sitting in one district to review or intervene in a case pending or concluded in another district; nor has Plaintiff cited any such authority. Further, this Court is not a court of appeals. In sum, the United

---

[4] *See* Section 1291 makes certain exceptions for the Federal Circuit which do not apply here. 28 U.S.C. § 1291.

[5] *See* Section 1292 makes certain exceptions for the Federal Circuit and the Court of International Trade which do not apply here. 28 U.S.C. § 1292(a), (c), and (d).

[6] *See* Section 1294 makes certain exceptions for the Federal Circuit and the Court of International Trade which do not apply here. 28 U.S.C. § 1294.

[7] Website for the United States Court of Appeals for the Second Circuit, https://www.ca2.uscourts.gov/about_the_court.html (last visited March 5, 2021).

States District Court for the Eastern District of Tennessee has no authority to review a judge's decisions and conduct in a criminal action or a 2255 Motion in the United States District Court for the Southern District of New York.

III.     Conclusion

For the reasons stated herein, it is **RECOMMENDED** that this action be **DISMISSED** without prejudice for lack of subject matter jurisdiction and that the application for *in forma pauperis* status [Doc. 4] be **DENIED** as moot.[8]

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[8] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party.  Such objections must conform to the requirements of Rule 72(b).  Failure to file objections within the time specified waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140 (1985).  The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general.  *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986).  Only specific objections are reserved for appellate review.  *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370 (6th Cir. 1987).